**FILED**

DEC 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

KUnited States District Court
For The District Of Columbia.

Ambrose O. Esogbue,  )
Plaintiff, Pro-se    )
                     )
v.                   )    Civil Action No. 06 1895.
                     )
Department Of Homeland Security, et al.  )
Defendant.           )
_____x )

**RECEIVED**

NOV 3 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**Plaintiff's Motion To Reconsider Court's Order Filed On November 7th., 2006.**

Now comes the Plaintiff Pro-se, a civil detainee of the DHS/ICE, and was ordered by this Honorable Court to comply with the terms of 28 U.S.C. §1915, otherwisw known as the Prisoner Litigataion Reform Act(PLRA).

### Procedural History.

On 11·    , the plaintiff turned himself in under the order of the ICE, pursuant to a pending order of deportation.. While under the ICE custody, the Hurricane Katrina struck and demolished the Plaquemines Parish Detention Center(PPDC), where the Plaintiff was detained. All of the Plaintiff's property both at the detention Center and at home in New Orleans, were distroyed and rendered Plaintiff's wife of 33 years a refugee in Tulsa, Oklahoma.

A few months after the catastrophy of Katrina, top officials from the New Orleans, DHS/ICE, provided tort claims forms to the detainees, and invited them to complete the forms for their lost properties. Believing that the forms were givien in good faith, the Plaintiff complied and submitted his claim to the New Orleans, ICE.

After the passage of several months, without response from the ICE, while most of the detainees were being deported, without settling their claims, the plaintiff refiled his claim at the ICE of Washington, D.C.. To the Plaintiff's amazement, his claims was denied on April 25, 2006, without explanation, but was advised to file an appeal within six (6) months. Plaintiff was left with no choice but to do so herewith.

4

### Court Overlooked The Fact That Plaintiff Is A Civil Detainee And Not a "Prisoner" In The Context of The PLRA And Not Bound By The Filing Requirement of 28 U.S.C. §1915.

Motions for reconsiderations are usually aimed at facts overlooked by the courts. In this instant case the Honorable Court overlooked the fact that Plaintiff is a **civil detainee,** and not a **prisoner** as defined by 28 U.S.C. §1915. However, if the court is aware that the plaintiff is a civil detainee when she entered her order, then the Plaintiff would argue, infra, that 28 U.S.C. §1915 is not applicable to him.

The Court of Appeals for the D.C. Circuit has addressed this issue in, LaFontant V. INS, 135 F.3d 158, 165(D.C. Cir. 1998)( holding that incarcerated alien facing deportation is not a prisoner for the purposes of the PLRA).

The other circuit courts that have addressed this issue, include, inter-alia, the Fifth Circuit, the Ninth Circuit and the Eleven Circuit, and they all hold that civil detainees do not fall under §1915 of PLRA.

The Fifth Circuit Court of Appeals did so in Ojo v. INS, 106 F.3d 680, 683(5th Cir. 1997) ( Holding that PLRA does not bring an alien detainee within its sweep).

The Ninth Circuit ruled in Agyeman V. INS, 298 F.3d 871,( 9th. Cir. 2002)( Holding that filing fee of prisoner Litigation Reform Act(PLRA) did not apply to alien detainee who was not also criminally charged); it was vacated and remanded.

In Andrew V. King, 398 F.3d 1122( 9th. Cir. 2005), the Ninth Circuit held that " thus a civil detainee is not a "prisoner" within the meaning of PLRA"

In Troville V. Venz,, 303 F.3d 1256, 1260( 11th. Cir. 2002), the Elevent Circuit citing several immigration cases, held that civil detainee simply does not fall under §1915 definition of " prisoner", and that Troville need not pay the filing fee for his civil rights action.

The Supreme Court has also explained that in determining whether a detained plintiff should pay the filing fees that, " **The Court need not deprive the litigants of the last dollar they have.** See Adkins V. El Dupont De Numours & Co,, 335 U.S. 331, 339(1948)( Holding that an inmate must not be forced to choose between using limited funds to pay for litigation and deprive

-2-

himself or herself of the necessities of life.) See also Potnick V. Eastern State Hospital, 701 F.2d 243, 244(2nd. Cir. 1983); Wildeman V. Harper, 754 F. Supp. 808, 809( D.Nev. 1990)( The informa pauperis statute " does not require the plaintiff to choose between paying a filing fee and supporting himself and his family")

In the instant case, plaintiff has been detained for more than two years, and has lost all of his property while in detention,, and where the DHS/ICE innitiated the tort claim, he should not be barred from litigation to recover his lost his losses, and where the Federal Emmergency Management Agency has compensated the local government Plaquemines Parish government.

## Prayer.

For the foregoing reasons, the Honorable Judge is respectfully asked to reconsider her order requiring the application of §1915 to plaintiff, and grant him his motion to proceed in forma pauperis.

Executed on this the 25th., day of November, 2006.

Respectfully submitted,

BY: _Ambrose O. Esogbue_
Ambrose O. Esogbue, #25147-013
Federal Detention Center
P.O. Box 5010
Oakdale, LA 71463.

FILED

NOV - 7 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMBROSE O. ESOGBUE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 06 1895 |
| DEPARTMENT OF HOMELAND SECURITY, et al., | ) |
| Defendants. | ) |

## ORDER

The Court has provisionally authorized the Clerk to file this action. Before the Court will consider the Application to Proceed in Forma Pauperis and the Complaint, Plaintiff must provide certain additional information.

In accordance with 28 U.S.C. § 1915, Plaintiff must provide the Court with a <u>certified</u> copy of his prison trust fund account statement (or institutional equivalent), <u>including the supporting ledger sheets</u>, for the <u>six-month period</u> immediately preceding the filing of this complaint, <u>obtained from the appropriate official of each prison at which he is or was confined during those six months.</u> If Plaintiff has been transferred and therefore, after a reasonable effort, is unable to obtain ledger sheets from a previous place of confinement, he shall provide his declaration stating what efforts he has made to obtain the ledger sheets.

The Court advises Plaintiff that federal law requires a plaintiff in a civil action to pay a filing fee of $350.00. After receipt of the trust fund information, the Court will determine whether Plaintiff is able to pay the entire amount in one payment. If the Court determines that Plaintiff does not have sufficient funds to pay the filing fee at one time, the Court will assess an initial partial filing fee.

After payment of the initial partial filing fee, the institution will forward to the Clerk of this Court monthly payments consisting of 20 percent of the deposits made to the Plaintiff's trust fund account during the preceding month each time the account balance exceeds $10.00. Payments will continue until the filing fee is paid in full.

Accordingly, it is

**ORDERED** that within thirty (30) days of this Order, unless an extension of time is granted, Plaintiff shall provide the above-requested information. Failure to comply with this Order will result in dismissal of this action.

/s/ Rosemary M. Colly
United States District Judge

DATE: 10/17/06

2