UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMBROSE O. ESOGBUE ) | |
| PLAINTIFF, PRO-SE ) | CIVIL ACTION NO 06-1895 (RMC) |
| V. ) | |
| DEPARTMENT OF HOME LAND SECURITY ) | RECEIVED |
| et al ) | JUL 2 7 2007 |
| DEFENDANTS ) | NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT |

### PLAINTIFF'S TRAVERSE OF THE DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT WITH PREJUDICE OR, IN THE AGREEMENT, TO TRANSFER TO THE EASTERN DISTRICT OF LOUISIANA

Now comes plaintiff, pro-se, and respectfully asks this honorable court to construe his traverse brief liberally because he is pro-se that he has been deported to Nigeria where he lacks legal research materials (citations in original complaint).

The defendants argue that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because United States limited waiver of sovereign immunity from suit does not extend to torts of independent contractors. This argument is redundant, having been previously advanced by the defendants and must be rejected for the following reasons; inter-alia; (a) If there exists any such contract, the plaintiff was not a party to it. (b) as previously asserted, such contract may not be selectively adhered to, since a similar evacuation to Orleans Parish Police (OPP), which took place approximately one month before hurricane Katrina, was ordered and executed wholly by office of B.I.C.E. Was the contract suspended a month earlier? (c) Government exhibit 8, a declaration of Mr. Beemer categorically states that the BICE FOD ordered the evacuation from PPDC to TPDC see Govt Exhibit 8, at 5 (d) the government's exhibit 8 & 2, declared that Mr. Anthony smith of the PPDC accompanied Mr. Beemer to meet with evacuated detainees, yet it was Mr. Beemer that promised and faxed the tort claim forms to the detainees, clearly acknowledge the BICE (U.S Governments) is responsible unless it was done in bad faith. Liability (e) the Declaration of Mr. Beemer is riddled with inaccuracies, misstatements and downright deliberately misleading and should be construed a fraud on the court. Please see the attached plaintiffs "traverse of Mr. Beemer's declaration".

1

The defendant's further claim immunity from property damages caused by flood water under flood control act 33 USC & 702 (c). As previously argued that hurricane Katrina is exactly what it was a hurricane. A hurricane is a storm and not a flood, therefore 33 U.S.C & 702 (c) is inapplicable here. The defendants invited the court to take judicial notice of the location of PPDC and imply that the broken levee is located in such a place that the flood from the broken levy is what flooded PPDC. This honorable court is respectfully asked to reject the invitation to take judicial notice of the misstated facts. Furthermore plaintiff filed his compliant pursuant to several statutes – see original complaint.

In support of plaintiff's position is attached an affidavit, attesting to the fact that Hurricane Katrina is the sole cause of the destruction at PPDC. As a resident of New Orleans before he turned himself into the ICE custody, the plaintiff's affidavit is based on fact and knowledge.

Contrary to the defendant's assertion, the broken levy was at the industrial canal just east of down town New Orleans. The levees breakage elevated the effect of Hurricane Katrina, especially at the 9th ward. However PPDC is located in the South eastern most section of Louisiana, a good one and half hours' drive from down town New Orleans, and was not affected by the flood.

Finally, the "eye of the storm" came down squarely on Plaquemines parish where PPDC was located, hence the resultant total damage according to news reports. None of the levees that bounded PPDC was or is broken, therefore the defendants' request for judicial notice must be disregarded, because it was the storm caused by the eye of Hurricane Katrina, and not the flood that caused the damage, defendants' request must be denied.

Now the defendants ask this honorable court to dismiss the plaintiff's complaint because he could not prevail under "any legal theory" this pro-se plaintiff has requested that this court construe his submissions liberally because he is pro-se and not schooled in law. The defendants' now seeks to have this compliant dismissed because legal theory has not been advanced.

For this plaintiff however, this is not a matter of theory it is real and actual loss which the defendants have not disputed, but seek to dismiss for technical reasons.

The facts of this case are the following: the plaintiff who got educated, raised his family and resided in the U.S for more than 36 years was deported in 2006 for actions that occurred in 1980 and 1990. The defendants essentially seized the plaintiff's social security

account. The plaintiff's possessions were washed away with Hurricane Katrina from his home in New Orleans.

Now the defendants ask this honorable court to dismiss plaintiff's tort claim complaint, seeking to recover uncontested losses resulting from Hurricane Katrina. The bulk of the items lost were taken into detention custody by an ICE officer. See attached affirmation 2, stating how it was received into custody including the civil nature.

This tort claim is the only asset belonging to plaintiff and the defendants want it dismissed for lack of conformance to any legal theory. This honorable court is respectfully asked to deny defendants' motion to dismiss, and grant plaintiff's complaint.

Court should take judicial notice of the fact that the defendants have failed to negotiate a settlement in this case, where the plaintiff has made available to them his telephone number and email address. The numbers are again advanced herewith as: 01123408061679824; Email: ambrose_esogbue@yahoo.com plaintiff has made his tort claim application in good faith, whereas the defendants received the application in bad faith. Plaintiff was forced into this suit. The interest of fairness and judicial economy should persuade this honorable court to grant plaintiff's complaint and order the defendants to pay the plaintiff $8,459.51 and any punitive damages the court deems proper, for waste of court's precious time.

## PRAYER

For the foregoing reasons, and the reasons discussed, and prayers prayed in previous submissions, this honorable court is respectfully asked to deny the defendants' motion to dismiss, and grant his tort claim request. Executed on this the 24th Day of July 2007.

Respectfully submitted

By: _Ambrose O. Esogbue_
**Ambrose O. Esogbue, Pro-se**
c/o Jill M. Egogbue
10964 /e. 61 ST south, #1724
Tulsa, OK 74133

## CERTICATE OF SERVICE

I, AMBROSE O. ISOGBUE declares under pain and penalty of perjury that the foregoing was mailed to defendants Via counsel ms Sherese Louis, at U.S Attorney's office, civil division, 555 4th Street N.W., Washington D.C 20530, by way of plaintiff's wife Jill M. Esogbue Utilizing U.S service, postage prepaid.

Executed on this the 24th of July 2007

Respectfully,

By: *Ambrose O. Esogbue*

Ambrose O. Esogbue

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMBROSE O. ESOGBUE ) | |
| PLAINTIFF, PRO-SE ) | CIVIL CASE NO 06-1895 (RMC) |
| V. ) | |
| DEPARTMENT OF HOME LAND SECURITY ) | |
| et al ) | |
| DEFENDANTS ) | |

### PLAINTIFF'S TRAVERSE OF MR. BEEMER'S DECLARATION

I, Ambrose O. Esogbue declare under pain and penalty of perjury and pursuant to 28 U.S.C & 1746 that the declaration of Mr. Scott Beemer submitted to this court is riddled with inaccuracies and misstatements and are corrected below:

1) Mr. Beemer declared that he did not know the date he visited the detainees at TPDC, the actual date was 10/28/05. This is confirmed by the fax imprint on the tort claim form. It was faxed on the date of the visit; this is exactly two months after Hurricane Katrina.

2) Item #3 of his declaration is inaccurate because after 2 months of waiting for someone with authority to visit; the detainees were furious and angry, having been visited by ice officers from Oakdale who claimed ignorance and lack of authority to address the situation.

With all the anger directed at him, Mr. Beemer promised the payment for all the losses, but advised that the orderly way to make payment was via filling tort claim with which to determine the exact amount of loss sustained by each individual, The idea of tort claim was that of Mr. Beemer, since most of the detainees were not familiar with tort claim, including this plaintiff

Mr. Beemer subsequently went back to his office and faxed the claim's form to the chaplain, who made copies and distributed to us. Mr. Beemer and Smith did not hand out any forms to us.

On item #4, Mr. Beemer declared that he informed us that he did not have the authority to guarantee the payment of our claims. Given the prevalent temperament of the

1

detainees at the time, such a statement would have predictably resulted in violence. Mr. Beemer guaranteed us payment after the completion of paper work.

Again he declared on item #4, last sentence, that 'we simply forwarded through the proper channels the claims we received' there is absolutely no evidence that Mr. Beemer ever forwarded any claim to anyone, for no detainee ever received any response from such alleged submission. We know that the proper channel does respond, for when we resubmitted to the dept of justice they were responsive.

On item #5, Mr. Beemer confirmed that the evacuation from PPDC to TPDC was ordered by FOD of ICE, and that contradicts the defendants' claim that under FTCA contract the responsibility was that of PPDC.

The above is executed under pain and penalty of perjury

By: *Ambrose O. Esogbue*
Ambrose O. Esogbue, Pro-se
C/o Jill M. Egogbue
10964 /e. 61 ST south, #1724
Tulsa, OK 74133

2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMBROSE O. ESOGBUE ) | |
| PLAINTIFF, PRO-SE ) | CIVIL ACTION NO 06-1895 (RMC) |
| V. ) | |
| DEPARTMENT OF HOME LAND SECURITY ) | |
| et al ) | |
| DEFENDANTS ) | |

## AFFIDAVIT ATTESTING TO THE INAPPLICABILITY OF THE BROKEN LEVY TO THIS LOSS AT THE PPDC

I, AMBROSE O. ESOGBUE declare pursuant to 28 U.S.C § 1746, that prior to being taken into ICE custody, I was a resident of New Orleans, having resided at #26 Monroe Street in New Orleans, LA.

That I am fully knowledgeable of the industrial canal where the levy was broken by the force of Hurricane Katrina, and that the levy breakage flooded mainly the 9th Ward Area of New Orleans.

That PPDC is situated between two levies, one to the west, protecting it from the Gulf of Mexico, and the other to the east, protecting if from the Mississippi River.

That the PPDC was located at the South Eastern most part of the state of Louisiana, and is at least 1 ½ hour's drive from New Orleans.

That it was widely reported that the eye of the storm descended on Plaquemine's parish and that is the cause of the destruction at the PPDC.

The levy failure resulted in flood going from the Mississippi River into New Orleans, and not into Plaquemines Parish.

The above is affirmed under pain and penalty of perjury executed on this 24th day of July 2007.

By: *Ambrose O. Esogbue*
Ambrose O. Esogbue, Plaintiff, Pro-se

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMBROSE O. ESOGBUE ) | |
| PLAINTIFF, PRO-SE ) | CIVIL ACTION NO 06-1895 (RMC) |
| V. ) | |
| DEPARTMENT OF HOME LAND SECURITY ) | |
| et al ) | |
| DEFENDANTS ) | |

## DECLARATION OF HOW THE LOST PROPERTY WAS BROUGHT INTO ICE CUSTODY

I, AMBROSE O. ESOGBUE declare under penalty of perjury and pursuant to 28 U.S.C § 1746, aver as follows:

1. That from 2000 to 2004, I was out on bail awaiting the outcome of my appeal at the B/A
2. That the dismissed appeal in 2000 which the defendants mentioned in their brief was reinstated and appeal reopened in 2000.
3. That on May 6, 2003 the appeal was dismissed and reissued on August 11, 2003.
4. That I was ordered to turn myself into the ice on 11/2/2004 as a civil detainee for the express purpose of deportation.
5. That I turned myself in, carrying only my Bible
6. That on April 3, 2005, during a failed attempt to deport me, my wife had brought two garment bags to the ICE office containing my clothing, of which the ice deportation officer allowed me to select only three suits and items listed on my declaration of lost items.
7. That upon information that I had to stay of deportation, the ICE deportation officer refused to return the selected clothing to my wife on the ground that she had already closed the carton box in which she packed my clothes. The deportation officer ordered my clothes into detention with me. But for my Bible and legal books later delivered to me in detention, the lost items were there as a result of the order of a deportation officer.

1

As a civil detainee, my right to my belonging is guaranteed especially where custody of the belongings were knowingly received.

Executed on this the 24th day of July, 2007.

By: *Ambrose O Esogbue*

Ambrose O. Esogbue, Pro-se
c/o Jill M. Egogbue
10964 /e. 61 ST south, #1724
Tulsa, OK 74133

2