UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **AMBROSE O. ESOGBUE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-1895 (RMC) |
| | ) | |
| **DEPARTMENT OF HOMELAND SECURITY,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This matter is before the Court on defendants' motion to dismiss or, in the alternative, to transfer. For the reasons stated below, this civil action will be transferred to the United States District Court for the Eastern District of Louisiana.

### I. BACKGROUND

At all times relevant to the complaint, plaintiff was detained at the Plaquemines Parish Detention Center by authority of the Bureau of Immigration and Customs Enforcement ("BICE"). *See* Compl. at 2. On August 27, 2005, detainees at that facility were evacuated as Hurricane Katrina approached. *Id*. Plaintiff was allowed to take "no more than an envelope of legal documents," and was ordered to leave all other personal property behind. *Id*. Hurricane Katrina destroyed the detention center and "along with [it] the property of the evacuated detainees." *Id.* at 3. Plaintiff sought compensation for his property by filing a claim under the Federal Tort Claims Act ("FTCA"), and his claim was denied. Compl. at 3 & Ex. A (April 25,

2006 letter from S.A. Whitted, Associate Legal Advisor, BICE).

In this action, plaintiff demands "the sum of $4,459.51, and whatever [the Court] deems fit to apply to the 'priceless items'" that were lost or destroyed. Compl. at 4 (page number designated by the Court).

## II. DISCUSSION

An FTCA action against the United States "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). "Under the prevailing interpretation of section 1402(b), venue is proper in the District of Columbia if sufficient activities giving rise to plaintiff's cause of action took place here." *Franz v. United States*, 591 F. Supp. 374, 378 (D.D.C. 1984). Plaintiff does not reside in the District of Columbia, and no longer resides in the United States.[1] No event related to this action occurred in the District of Columbia. The location of BICE's headquarters office does not establish venue in this district. *See Bartel v. Fed. Aviation Admin.*, 617 F. Supp. 190, 199 (D.D.C. 1985) (District of Columbia location of headquarters irrelevant to determining proper venue for FTCA claim, where plaintiff resided in Maryland and no events occurred in District of Columbia). Venue in this district, then, is improper.

Although an action filed in the wrong district may be dismissed, 28 U.S.C. § 1406(a), the Court finds it in the interest of justice to transfer this action to the district where it could have been brought. It appears that the proper venue is the Eastern District of Louisiana, where plaintiff formerly resided and where his property allegedly was lost or destroyed.

---

[1] Plaintiff was deported to Nigeria in December 2006. Plaintiff's Motion for Extension of Time [Dkt. #15] ¶ 1.

Accordingly, the Court will transfer this action to the United States District Court for the Eastern District of Louisiana. Resolution of defendants' dispositive motion is left to the transferee court. An Order consistent with this Memorandum Opinion is issued separately.

Date:   September 6, 2007

/s/
ROSEMARY M. COLLYER
United States District Judge